**Julia Anne McGHEE,**
**Plaintiff/Appellant,**

v.

**Kenneth Smiley MILLER, et al,**
**Defendants/Appellees.**

Supreme Court of Tennessee,
at Knoxville.

March 5, 1990.

David Dunaway, LaFollette, for plaintiff/appellant.

Joseph G. Coker, Jacksboro, for defendants/appellees.

OPINION

O'BRIEN, Justice.

This appeal involves a case previously decided by this Court, published at 753 S.W.2d 354 (Tenn.1988), and a workers' compensation case between the same parties.

The appellant was a tenured teacher in the Campbell County School System. For reasons set out in the original opinion of this Court the Campbell County Board of Education discharged her on the basis of findings made in a hearing held on 8 April 1987. The case was appealed to the Campbell County Chancery Court. The chancellor found no satisfactory evidence to support the findings of the School Board and ordered her reinstatement to her teaching position with all perquisites and benefits. The judgment was appealed to this Court by the defendants. This Court affirmed the trial court's judgment and remanded the proceedings for "determination of additional damages, including loss of salary and any other employment benefits, that may be due appellee because of the wrongful termination of her employment as a tenured teacher."

On 16 April 1987 Mrs. McGhee filed a workers' compensation action against the

Board of Education alleging that she was totally and permanently disabled as a result of the circumstances resulting in her discharge. She received a temporary total disability award extending from January 1987 to 30 November 1987. She also received a fifty percent (50%) permanent partial disability award. The total amount exceeded $60,000, all of which was paid to and accepted by her. The temporary total disability award overlapped and was paid in addition to the judgment sum received by appellant as salary for the last half of the academic year 1986–87.

Apparently this is a continuation of the original action in the trial court. There is no pleading of any nature included in the record. However, there was a hearing on 1 February 1989. The chancellor filed a memorandum opinion in which he found in essential part that it was appellant's insistence her inability to teach was the direct result of the wrongful action of the Board of Education and that she was entitled to her full salary for the 1987–1988 school year in accordance with the provisions of T.C.A. § 49-5-511(a)(3) which provides:

"[T]hat if the teacher is vindicated or reinstated, he shall be paid the full salary for the period in which he was suspended."

He further found it to be Mrs. McGhee's insistence that her period of suspension included the 1987–88 school year because she had been terminated by the school board and the appeal by that agency placed her in limbo. He theorized that if this insistence was adopted the appellant would continue to be entitled to full salary for all of the ensuing years, thereby converting her position into one of permanent retirement at full pay, which was impermissible. He held that having availed herself of the benefits of the Workers' Compensation Act that it applied in lieu of all other remedies and to allow her a double recovery was not supportable.

The evidence was that Mrs. McGhee never applied for reemployment in the school system. She testified at the April hearing before the Board of Education and again in June of 1987, in court, that she was not able to work. Her testimony was the same in November 1987 at the compensation trial and again in February 1989 in this proceeding, that she was not able to return to work. Before the school term began for the 1988–89 school year she applied for a leave of absence and since that time has been classified as an employee outside of the system.

In the absence of pleadings it is virtually impossible for this Court to determine if the defendants have complied with the previous judgments directing them to restore Mrs. McGhee to the status she held prior to her termination. As best we can tell from this record and the history contained in the prior judgment of this Court, Mrs. McGhee was advised by letter dated 6 February 1987 that she had been suspended as a teacher. At the hearing before the Board of Education on 8 April 1987 she was discharged on the basis of the findings of the Board. Approximately one week later on 16 April 1987 the workers' compensation complaint was filed. The school board action terminating her employment was appealed by Mrs. McGhee to chancery court. The hearing on the matter was held on 8 June 1987 and the judgment of the court was entered on 10 August 1987. That judgment was appealed by the defendants. The judgment of this Court was entered on 27 June 1988. The judgment recites the decree of the chancery court ordering appellants to reinstate Mrs. McGhee to her "teaching position at the Campbell County Comprehensive High School with all perquisites and benefits." This Court specifically concurred in the chancellor's findings and affirmed the judgment of that court. The case was remanded for determination of additional damages, including loss of salary and other employment benefits due because of the wrongful termination of her employment.

There is no question that Mrs. McGhee was unemployable from and after 19 January 1987. This was confirmed by her own testimony and that of Dr. Beale, her attending physician. There is no question that she applied for and received workers' compensation benefits as we have not-

ed heretofore. Regardless of her termination, she was not entitled to draw salary during the time she was receiving workers' compensation benefits, although she was paid her salary for the latter half of the school year. However, if it had not been for the termination of her employment by the School Board, and their appeal of the chancery court decision, she would have been eligible, at the beginning of the 1987–88 school year to make application for a leave of absence which may or may not have some effect on her retirement benefits and perhaps, insurance credits or other perquisites.

■ To recapitulate, the appellant was not entitled to payment of her salary during the time the workers' compensation benefits applied. Nonetheless, in its prior judgment in this case, at page 356 this Court denied any set-off, holding that if any off-set was appropriate it should have been sought in the workers' compensation case. We believe that Mrs. McGhee has received the monetary recovery to which she was entitled. If that conclusion is incorrect it is a matter for resolution by the trial court on remand. We wish to make it clear that the term "all perquisites and benefits" includes whatever rights which would have inured to her benefit as a teacher on leave of absence during the 1987–88 school year.

Mrs. McGhee has been treated reprehensibly by the Campbell County School Board. As this Court said in its prior opinion: "Because she was emotionally unstable, she did not and according to the evidence could not, return to work. While the defendants insist there is no evidence that the school or system officials threatened or intimidated the plaintiff, the fact remains that they passively, to an extent, joined in the public upbraiding of her. Permitting the sale of the scurrilous badges, on school property, is one example."

The case is remanded to the trial court for such further proceedings as may be required to determine that the plaintiff in this case is fully restored to every rightful privilege, benefit and perquisite to which she would have been entitled in accordance

with this opinion and prior judgment of this Court. In every other respect the judgment of the trial court below is affirmed. The costs on this appeal are assessed against the defendants, Campbell County Board of Education.

DROWOTA, C.J., and FONES, COOPER and HARBISON, JJ., concur.